**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| KENNETH NEWKIRK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:23-cv-636–HEH |
| | ) | |
| DIRECTOR of DEPT. | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**
**(Dismissing Action Without Prejudice)**

Petitioner Kenneth Newkirk ("Petitioner" or "Newkirk"), a frequent litigant in this Court, filed a 28 U.S.C. § 2254 petition on October 4, 2023. (ECF No. 1.) "[T]he settled rules [provide] that habeas corpus relief is appropriate only when a prisoner attacks the fact or duration of confinement, *see Preiser v. Rodriguez*, 411 U.S. 475 (1973); whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of confinement are properly brought" by some other procedural vehicle, including a 42 U.S.C. § 1983 complaint. *Olajide v. B.I.C.E.*, 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (emphasis omitted) (internal parallel citations omitted) (citing *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978)). Upon review of the § 2254 petition form and attachments, it is evident that Newkirk is challenging various conditions of confinement and incidents that have occurred in Wallens Ridge State Prison located in the Western District of Virginia. To the extent that Petitioner raises cognizable claims, those claims would be appropriately brought in a § 1983 complaint, not in a § 2254 petition. Pursuant

to 28 U.S.C. § 1391(b), the proper venue for this action is in the Western District of Virginia, not in the Eastern District of Virginia.

While the Court would ordinarily transfer such an action to the United States District Court for the Western District of Virginia, the Court will not do so here because Newkirk has at least three (3) other actions or appeals that have been dismissed as frivolous or for failure to state a claim.[1] *See, e.g.*, *Newkirk v. Shaw*, No. 3:14-cv-426–HEH, 2014 WL 4161991, *3 (E.D. Va. Aug. 19, 2014); *Newkirk v. Cir. Ct. of City of Hampton*, No. 3:14-cv-372–HEH, 2014 WL 4072212, at *3 (E.D. Va. Aug. 14, 2014); *Newkirk v. Lerner*, No. 3:13-cv-364–HEH, 2014 WL 587174, at *2-5 (E.D. Va. Feb. 14, 2014); *Newkirk v. Chappell*, No. 3:13-cv-73–HEH, 2013 WL 5467232, at *3 (E.D. Va. Sept. 30, 2013). Newkirk's current complaint does not suggest that he is in imminent danger of serious physical injury. Accordingly, since Petitioner has not submitted the $402 filing fee with his complaint, the action will be dismissed without prejudice.

Petitioner remains free to submit a new complaint with the full $402 filing fee in the Western District of Virginia. The Clerk will be directed to return the $5 filing fee to Newkirk.

---

[1] The relevant statute provides:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).


An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: Oct. 25, 2023
Richmond, Virginia